IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bond Medical Services,                          :
                          Petitioner             :
                                                 :
          v.                                     :    No. 233 C.D. 2019
                                                 :    Submitted: October 11, 2019
Bureau of Workers' Compensation                  :
Fee Review Hearing Office (Travelers             :
Casualty Insurance Company of                    :
America),                                        :
                          Respondent             :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                              FILED: July 31, 2020

          Bond Medical Services (Provider) petitions for review of an
adjudication of the Bureau of Workers' Compensation (Bureau), Fee Review
Hearing Office (Hearing Office) that dismissed Provider's request for a hearing to
contest a fee review determination made by the Bureau's Medical Fee Review
Section. The Hearing Office held that it lacked jurisdiction over Provider's request
for a hearing. For the reasons set forth below, we vacate the Hearing Office's
decision.

          On June 14, 2018, Derek Ramirez (Claimant) sustained a work-related
injury while working for Cedar Farms Company, Inc. (Employer).[1] In July 2018,

---

[1] Claimant's injury was described as:

> non-displaced Lisfranc fractures of the plantar and dorsal aspect of the first
> metatarsal base at the tarsometatarsal joint with dorsal subluxation of the first
> tarsometatarsal joint of the left foot; lumbar sprain and strain with L4-5 and L5 S-

Michael Gonzon, D.C., prescribed durable medical equipment and supplies, including neuromuscular electrical stimulation (NMES) supplies, electrodes, lead wires, transcutaneous electrical nerve stimulation (TENS) supplies, a ventilator and biofreeze pain relieving gel to treat Claimant's work injury. Provider dispensed the prescribed items to Claimant and billed Employer in the amount of $3,255.[2]

Employer denied payment on some supplies but agreed to pay $155.77. Relevant to this appeal, Employer denied payment for the NMES supplies and ventilator for the stated reasons that "the charge exceed[ed] the fee schedule/ UCR [usual and customary rates] allowance for this region" and that "the billed service require[d] the use of a modifier code." Reproduced Record at 7a (R.R.__).[3] Provider timely filed a fee review with the Bureau's Medical Fee Review Section.

On September 6, 2018, the Medical Fee Review Section determined that Employer did not owe Provider anything for two reasons. First, the Fee Review Section observed that "[a] valid prescription or certificate of medical necessity for this service was not submitted by [Provider.]" R.R. 13a. Second, the Fee Review Section observed that the Chiropractic Practice Act[4] does not include the

---

1 disc bulges; thoracic sprain and strain; left shoulder sprain and strain; left knee sprain and strain; left ankle sprain and strain with bone marrow edema. Reproduced Record at 39a (R.R.__).

[2] Employer was insured by Travelers Casualty Insurance Company of America (Insurer) for its workers' compensation liability.

[3] Employer denied payment of the electrodes for the stated reason that the Centers for Medicare and Medicaid Services (CMS) guidelines require electrodes to be billed under a separate code. Employer made partial payment on the lead wires, TENS supplies and miscellaneous durable medical equipment. It explained that per CMS guidelines, 1 additional lead wire is allowed every 12 months after the purchase of the unit. Partial payment was made for the TENS supplies because the service was billed outside of the CMS guidelines for TENS supplies. Partial payment was permitted for the miscellaneous durable medical equipment because the allowance for these items was set at 80% of the billed charge.

[4] Act of December 16, 1986, P.L. 1646, *as amended*, 63 P.S. §§625.101 – 625.1106.

2

prescription of durable medical equipment within the scope of chiropractic practice, relieving Employer of responsibility to pay for durable medical equipment prescribed by a chiropractor.

On October 2, 2018, Provider requested a hearing to contest the fee review determination on the following grounds:

> [Employer] denied this bill asserting a modifier should have been used. The fee review was decided on separate issues not raised by [Employer]. The Bureau stated there was no valid prescription and further a chiropractor could not prescribe [durable medical equipment.] A valid [prescription] was attached and the issue of a chiropractor prescribing [durable medical equipment] was not before the Bureau.

R.R. 15a. On November 15, 2018, the Hearing Office convened a hearing. Both parties summarized their positions. The Hearing Officer directed the parties to submit briefs, explaining that she was "only looking at the jurisdictional issues right now. [She was] not looking at the merits." Notes of Testimony, 11/15/2018, at 12 (N.T.__); R.R. 28a. The Hearing Officer identified the jurisdictional issues as whether the medical equipment was prescribed for a body part not covered by the notice of compensation payable and whether a chiropractor can prescribe durable medical equipment.

On February 5, 2019, the Hearing Office issued an adjudication affirming the Fee Review Section's fee determination and dismissing Provider's request for a hearing on the merits. The Hearing Officer explained that since the Hearing Office "lacks jurisdiction to decide the issue of whether Insurer is liable for payment of DME [(durable medical equipment)] and supplies prescribed by a chiropractor, so too did the Medical Fee Review Section lack jurisdiction to decide Provider's Application in the first instance." Hearing Office Adjudication, 2/5/2019,

3

at 7. On March 12, 2019, Provider filed the instant petition for review of the Hearing Office's adjudication.

On appeal,[5] Provider argues that the Hearing Office erred in *sua sponte* deciding that it lacked jurisdiction. Second, it argues that it has been deprived of due process of law because it has had no opportunity for review of the denial of its fee review application. Provider requests that this Court reverse the Hearing Office's determination that it lacked jurisdiction and remand the matter for a decision on its merits. Neither the Bureau nor Employer has filed a brief in this matter.

We begin with the Compromise and Release (C & R) Agreement that was executed by Claimant, Employer and Insurer on April 10, 2019.[6] The C & R Agreement, which was approved by a Workers' Compensation Judge (WCJ), states, in relevant part, as follows:

> Claimant shall be paid a lump sum of $50,000.00 less 20% attorney fees ($10,000.00), for a sum of $40,000.00. $40,000.00 is payable to Claimant, fully and finally releasing carrier/employer from all future liability related to the injuries described in Paragraph 4 herein and includes any specific loss/disfigurement and medical, indemnity or any attempt to expand the nature of the injury. *The carrier agrees to be*

---

[5] Our review in medical fee review cases determines whether constitutional rights were violated, whether an error of law was committed, or whether the necessary findings of fact were supported by substantial evidence. *Pittsburgh Mercy Health System v. Bureau of Workers' Compensation, Fee Review Hearing Office (U.S. Steel Corp.)*, 980 A.2d 181, 184 n.4 (Pa. Cmwlth. 2009). Regarding questions of law, our scope of review is plenary and our standard of review is *de novo*. *Sedgwick Claims Management Services, Inc. v. Bureau of Workers' Compensation, Fee Review Hearing Office (Piszel and Bucks County Pain Center)*, 185 A.3d 429, 433 n.2 (Pa. Cmwlth. 2018).

[6] In *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (National Fire Insurance Company of Hartford)*, 192 A.3d 304 (Pa. Cmwlth. 2018) (*Armour I*), we explained that an employer cannot attempt to deprive a provider of its right to prompt payment by use of a C & R agreement.

4

*responsible for any and all reasonable and necessary medical bills for the work-related injury incurred up to the date of this Agreement* as approved by a [WCJ], subject to its right to-repricing [as continued on addendum page] and Utilization Review under the [Workers' Compensation Act.][7] Further, all medical bills will be paid up to the date of the C & R including liens from Health Partners and DPW.

R.R. 40a, 43a (emphasis added). Once approved, a valid C & R agreement is "binding upon the parties." *Department of Labor & Industry, Bureau of Workers' Compensation v. Workers' Compensation Appeal Board (U.S. Food Service)*, 932 A.2d 309, 314 (Pa. Cmwlth. 2007). While "[t]he parties to a C & R agreement can bind each other, [] they cannot release themselves from liability to a person who is not a party to the C & R agreement and who has been given neither notice nor opportunity to be heard on the C & R agreement." *Armour I*, 192 A.3d at 312. Further, an employer accepts liability for medical treatment under a C & R agreement "when it release[s] [a claimant] from any obligation to pay [for that treatment]." *Workers First Pharmacy Services, LLC v. Bureau of Workers' Compensation Fee Review Hearing Office (Cincinnati Insurance Company)*, 216 A.3d 544, 551 (Pa. Cmwlth. 2019). Here, the C & R Agreement expressly obligated Employer to pay all "reasonable and necessary medical bills for the work-related injury incurred up to the date of this Agreement." R.R. 40a. As such, Employer is obligated to pay Provider, absent a showing that the medical treatment was not reasonable and necessary to treat the work injury.

Whether a medical treatment is reasonable and necessary is determined by utilization review pursuant to Section 301 of the Workers' Compensation Act (Act), 77 P.S. §531. Section 301(f.1)(5) of the Act requires that "[a]ll payments to

---

[7] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

5

providers for treatment provided pursuant to this act shall be made within thirty (30) days of receipt of such bills and records *unless the employer or insurer disputes the reasonableness or necessity of the treatment* provided pursuant to paragraph (6)." 77 P.S. §531(5) (emphasis added). Paragraph 6 provides, in pertinent part:

> (6) Except in those cases in which a workers' compensation judge asks for an opinion from peer review under Section 420 [of the Act, 77 P.S. §§831, 832], disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:
>
> > (i) *The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer.* The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

77 P.S. §531(6)(i) (emphasis added). In sum, where an employer or insurer disputes the reasonableness and necessity of a provider's treatment for a work injury, it must seek utilization review pursuant to Section 301(f.1)(6)(i) of the Act, 77 P.S. §531(6)(i).

This Court recently addressed a fee review petition filed by a pharmacy after the employer requested utilization review. In *Keystone Rx LLC v. Bureau of Workers' Compensation Fee Review Hearing Office (Compservices Inc./AmeriHealth Casualty Services)*, 223 A.3d 295 (Pa. Cmwlth. 2019), the

6

treatment rendered by the claimant's treating physician was determined to be neither reasonable nor necessary. The Hearing Office dismissed the pharmacy's fee review application, finding that the employer met its burden during utilization review. The pharmacy appealed and argued that the utilization review process violated its right to due process. This Court affirmed the Hearing Office's dismissal of the fee review application, noting that the scope of a fee review proceeding concerns only the timeliness of a payment and the amount owed to a provider. The Hearing Office cannot determine the reasonableness or necessity of medical care. However, we agreed with the pharmacy's argument regarding due process, stating:

> [W]e acknowledge that there are due process issues for providers such as [the pharmacy] that are precluded from participating in the [utilization review] process but nonetheless are bound by the results that follow them to the fee review process at issue herein. Accordingly, we hold that for [utilization review] procedures occurring after the date of this opinion where an employer, insurer, or an employee requests [utilization review], a provider which is not a "health care provider" as defined in the Act, such as a pharmacy, testing facility or provider of medical supplies, must be afforded notice and an opportunity to establish a right to intervene under the usual standards for allowing intervention. … [I]t bears repeating that the polestar of *Armour I* is that the Act must be construed in accordance with due process of law.

223 A.3d at 299 (quoting *Armour Pharmacy v. Bureau of Workers' Compensation Fee Review Hearing Office (Wegman's Food Markets, Inc.)*, 206 A.3d 660, 667 (Pa. Cmwlth. 2019) (*Armour II*)).

Also relevant to this discussion is our recent decision in *Workers' First Pharmacy Services, LLC v. Bureau of Workers' Compensation Fee Review Hearing Office (Gallagher Bassett Services)*, 225 A.3d 613 (Pa. Cmwlth. 2020). There, the employer contested liability for a compound cream treatment, arguing the treatment

7

was inconsistent with the claimant's diagnosis.[8]   On appeal to this Court, the pharmacy argued that because the employer did not seek utilization review of the pharmacy's invoice, it had waived its right to challenge the payment for the compound cream as not related to the accepted work injury.  We agreed, explaining that if the employer questioned its liability for the cost of the compound cream because it believed the cream was not reasonable or necessary to treat the claimant's work injury, it should have filed a utilization review request.  Had the employer sought utilization review, its obligation to pay the pharmacy's invoice would have been stayed until utilization review was complete.  Because the employer did not challenge the payment for the compound cream using this process, we held that the Hearing Office erred in dismissing the pharmacy's fee review petition.

In this case, liability for Claimant's work-related injury was established in the C & R Agreement among Claimant, Employer and Insurer.  The agreement obligates Employer to pay all "reasonable and necessary medical bills for the work-related injury incurred up to the date of this Agreement."  R.R. 40a.  Based on the above principles, if Employer questioned its liability for the supplies dispensed

---

[8] The pharmacy in *Workers' First* filed a fee review application.  The Bureau's Medical Fee Review Section held that the employer was obligated to pay the pharmacy for the compound cream.  The employer appealed, arguing that, as stated above, the compound cream was never adjudicated as a treatment related to the claimant's work injury, and, therefore, the pharmacy's fee review application was premature.  The Hearing Office agreed that the fee review petition was premature and vacated the fee determination.  Section 127.455 of the Bureau's regulation provides that an application for fee review is premature where: (1) the insurer denies liability for the alleged work injury; (2) the insurer has filed a request for utilization review; or (3) the 30-day period insurer is allowed for payment of a provider's invoice has not yet elapsed.  34 Pa. Code §127.255.  The employer's non-payment did not fit in any of these exceptions.  Accordingly, this Court held that the Hearing Office erred in holding the pharmacy's fee review petition premature.  The employer had accepted liability for the claimant's work injury and had not sought utilization review to challenge the compound cream as neither reasonable nor necessary for treatment of the claimant's work-related injury.

8

to Claimant, it should have sought utilization review within 30 days of receipt of Provider's invoice.

For the above reasons, we vacate the Hearing Office's order and remand this matter to the Hearing Office. The Hearing Office is directed to hold this case in abeyance for 30 days from the date of this Court's order, during which time Employer may seek utilization review.[9] If Employer does not request utilization review within 30 days, the Hearing Office is directed to enter an order in favor of Provider. If Employer does request utilization review within 30 days, the Hearing Office is directed to dismiss the application for fee review as premature, pursuant to Section 127.255 of the Bureau's regulations, 34 Pa. Code §127.255.

_____
MARY HANNAH LEAVITT, President Judge

---

[9] The Court will allow Employer a 30-day window to seek utilization review in acknowledgment of the changes in this area of the law. *See, e.g.*, *Workers' First (Gallagher Bassett Services)*, 225 A.3d 613; *Keystone Rx*, 223 A.3d 295; and *Workers First (Cincinnati Insurance Company)*, 216 A.3d 544.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bond Medical Services,           :    
            Petitioner       :
                      :
          v.             :   No. 233 C.D. 2019
                      :
Bureau of Workers' Compensation   :
Fee Review Hearing Office (Travelers   :
Casualty Insurance Company of       :
America),                     :
            Respondent     :

## O R D E R

AND NOW, this 31st day of July, 2020, the order of the Bureau of Workers' Compensation Fee Review Hearing Office (Hearing Office), dated February 5, 2019, is hereby VACATED and the above-captioned matter is REMANDED. The Hearing Office is directed to hold the matter in abeyance in accordance with the attached opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge